**In the Matter of The Application of the United States for a Nunc Pro Tunc Order for Disclosure of Telecommunications Records**

No. 2004–M–0532RBC.

United States District Court,
D. Massachusetts.

Jan. 3, 2005.

Michael J. Sullivan, United States Attorney.

James Lang, Assistant United States Attorney.

*MEMORANDUM AND ORDER ON THE GOVERNMENT'S APPLICATION FOR A NUNC PRO TUNC ORDER FOR DISCLOSURE OF TELECOMMUNICATIONS RECORDS*

COLLINGS, United States Magistrate Judge.

On December 13, 2004, the United States Attorney filed an Application for an order providing for the disclosure of telecommunications records pursuant to 18 U.S.C. § 2703(d).  Title 18 U.S.C. § 2703(c)(1)(B) provides for the means by which a "governmental entity" may obtain records (as opposed to contents) of communications.  It provides:

(c)(1) A governmental entity may require a provider of electronic communication service or remote computing service to disclose a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications)only when the government entity -

(B) obtains a court order for such disclosure under subsection(d) of this section.

Title 18, U.S.C. § 2703(d) provides, in pertinent part:

A court order for disclosure under subsection...(c) may be issued by any court that is a court of competent jurisdiction and shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that...the records or other information sought, are relevant and material to an ongoing criminal investigation.

Lastly, 18 U.S.C. § 2703(e) provides that, in pertinent part:

No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order...

This statutory scheme is rather straightforward. The government [1] can obtain the records pursuant to a court order provided a sufficient showing is made to the court, and if the provider of communications services obeys the court order and releases the records to the government, no cause of action can be brought against it or its agents for complying with the court order.

The wrinkle in the instant case is that the telecommunications provider provided the records to the government without a court order. The application in this case seeks what the United States Attorney refers to as a *nunc pro tunc* order which would somehow validate retroactively the disclosure of the records to the government. The question is whether the court has the power to issue such an order.

For starters, it is quite clear that the statute provides no such power. The statute is quite clear—the government can "require" a provider to "disclose" these records when the government "obtains a court order for such disclosure." 18

U.S.C. § 2702(c)(1)(B). The obtaining of the court order is to precede the disclosure of the records, and under 18 U.S.C. § 2703(e), the provider is immune from suit if it provides "information...in accordance with the terms of a court order...". There is nothing to indicate that the court has any power to issue retroactive authorizations, and if the court did, it is doubtful that the order would protect the provider from suit, since the disclosure, when made, was not authorized by the court order.

The United States Attorney argues that this leaves the government in an impossible situation in the instance where there is an emergency need for the records. The argument is that however great the need for emergency disclosure, the providers will refuse to reveal the information without a court order so that they will not be in jeopardy of a lawsuit.

Apart from the point that a *nunc pro tunc* order probably would not provide the immunity set forth in 18 U.S.C. § 2703(e) for the reasons stated, *supra,* Congress has specifically dealt with the issue of an emergency need for telecommunications records. As part of the Patriot Act of 2001 (Pub.L.107–56), Congress added a subsection (4) to 18 U.S.C. § 2702(c) which provides, in pertinent part:

A provider [of electronic communication service] may divulge a record or other information pertaining to a subscriber to or customer of such service... -

(4) to a governmental entity, if the provider reasonably believes that an emergency involving immediate danger of death or serious physical injury to any person justifies disclosure of the information.

It is also noteworthy that in the Homeland Security Act of 2002, Pub.L. 107–296, Con-

---

**1.** For ease of reference, the court shall hereinafter use the term "government" rather than "governmental entity" except when quoting from a statute.

gress added an authorization to disclose contents of telecommunications in the same circumstances. That provision is now found in 18 U.S.C. § 2702(b)(8).[2]

From the papers submitted by the United States Attorney, it is clear that the disclosure without a court order by the provider in the instant case was due to the fact that the government was investigating a kidnaping which included a demand for ransom. This is precisely the type of emergency situation which "involv[es] immediate danger of death or serious physical injury to [a] person...". A year after the passage of the Patriot Act, Congress, in the Homeland Security Act of 2002, Pub L. 107–296, § 225(h)(1) amended 18 U.S.C. § 2703(e) to provide that:

> No cause of action shall lie in any court against any provider of wire or electronic communication service, its officers, employees, agents, or other specified persons for providing information, facilities, or assistance in accordance with the terms of a court order, warrant, subpoena, *statutory authorization* ...

Thus, a provider who discloses records or other information pursuant to the authorization contained in 18 U.S.C. § 2702(c)(4) in emergency circumstances has the same protection from lawsuits as a provider who discloses the records pursuant to a court order.

In these circumstances, the Court is of the opinion that there is no provision for the issuance of a *nunc pro tunc* court order authorizing the retroactive disclosure of telecommunications records. The law grants authority to providers to disclose records in emergency situations such as this one in which time is of the essence and requiring that a court order be obtained would cause delay which could result in severe jeopardy for a victim of crime. In addition, the law gives the same protection to the provider from subsequent lawsuits that is provided when a court order is obtained.

For all of these reasons, it is ORDERED that the United States Attorney's Application for a *nunc pro tunc* order retroactively authorizing the disclosure of telecommunications records be, and the same hereby is, DENIED.

---

**2.** The Homeland Security Act of 2002 placed the provision in (b)(7). It was later changed to (b)(8). *See* Pub.L. 108–21, § 508(b).